ENRIQUE CUETO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN and HEIRS OF AUGUSTO VILLANUEVA Y RODRÍGUEZ, Respondents.

No. 579. Argued July 5, 1927.—Decided July 26, 1927.

*Heriberto Torres Sola* for the petitioner. *Lucien Longchamps* for the respondents.

Mr. Justice Aldrey delivered the opinion of the court.

In a mortgage foreclosure proceeding before the District Court of San Juan under the Mortgage Law and Regulations for the recovery of $1,000 secured by a mortgage on a lot of ten meters frontage by twenty meters deep with a frame house built thereon measuring 18 feet wide by 29 feet long situated in the town of Río Piedras, the heirs of the debtor, after demand for payment, filed in the proceedings an answer and a cross-complaint alleging that the house and the lot were affected by their estate of homestead and praying that the complaint be dismissed and that the plaintiff be ordered to acknowledge their right of homestead in said house and lot up to the sum of $500 as exempt from execution.

The plaintiff moved the court to strike out that pleading, but before ruling on the motion the court ordered a sale by the marshal of the mortgaged property subject to the homestead claim pleaded by the defendants, and some days later overruled the motion to strike made by the plaintiff, granting him ten days within which to answer the aforesaid pleading.

At that stage of the proceedings the plaintiff applied to this court for a writ of certiorari to review the order authorizing the sale subject to the homestead claim and the ruling on the motion to strike out the pleading filed by the defendants. The writ was issued and the parties interested have been heard.

The Mortgage Law and its Regulations establish a rapid and summary proceeding for the foreclosure of mortgages and section 175 of the Regulations provides that such proceedings can not be suspended by incidental issues or any other issues raised by the debtor or the third person in possession, nor by any other person appearing as an interested party, except when documentary evidence is produced of criminal proceedings charging the forgery of the mortgage deed the subject of the proceedings; when an action in

intervention of ownership is filed together with the title of the ownership recorded prior to the claim of the execution creditor, or when a certificate from the registrar is presented to the effect that the mortgage has been canceled, or an authentic copy of the public instrument of the cancellation with a memorandum of its presentation in any of the registries where it shall have to be noted, and that all other claims to which the debtor may be entitled shall be determined in the proper plenary action.

According to those provisions the defendants have no right to file in this summary foreclosure proceeding an answer or a cross-complaint because they are not related to any of the matters authorized under this proceeding and therefore it can not be decided therein whether there is an estate of homestead in the mortgaged property vested in the defendants nor whether the execution creditor is bound to respect it. The pleading of the defendants requires an answer, a trial and a judgment to determine the question raised by them, that is, an ordinary action within a special and summary proceeding, which is at variance with the nature of the mortgage foreclosure proceeding and in opposition to the provisions of said section 175. The defendants may have other means of enforcing their alleged right to the estate of homestead, but certainly they have not chosen the right one for the determination in a mortgage foreclosure proceeding of matters not authorized by the law. And let it not be contended that the plea of the defendants can be admitted on the ground that the foreclosure proceeding is not suspended inasmuch as the court has ordered the sale of the mortgaged property and that it may be carried out not by subjecting it to the claim of homestead as directed by the court below, but by the marshal's withholding from the sale price the $500 of the homestead, because either of those conclusions admits and assumes, without hearing the execution creditor, that the defendants have an estate of homestead

in that property and that the execution creditor is bound to respect it. The case of *Hernández Mena* v. *Lecumberri*, 36 P.R.R. 357, is not applicable because in the foreclosure proceeding to which it refers Hernández was only held as subrogated in the rights of the execution debtor as purchaser of the property and there was no claim whatever made by him. In the case of *Giménez et al.* v. *Brenes*, 10 P.R.R. 124, it was held that the mortgage foreclosure proceeding continues in force up to and including the provisions in regard to the demand for payment, and is repealed as to the portion having reference to the sale which must be governed by Act of March 9, 1905, relating to judgments and the manner of satisfying them. But this law only refers to the manner of selling the property and in no way can it be a ground for the admission in a foreclosure proceeding of claims which are not permitted by the law. It may be said that in withholding the sum of $500 from the sale price that sum would remain subject to a claim of the defendants, but this would be tantamount to insuring the effectiveness of the judgment without furnishing the bond required by law when the obligation under which it is claimed does not appear in a public instrument. Therefore, the trial court committed an error in not striking out the pleading of the defendants, thus authorizing a plenary action within a summary proceeding.

There was also error in ordering the sale subject to the homestead claim because, as stated before, it admits as being true and determined something that must be proved in a plenary action without a trial and judgment rendered therein, and because the mortgage credit of the execution creditor can have no more limitations or liens than those of record because it is protected by the provisions of the Mortgage Law, although a contrary view was taken by this court in *Dávila* v. *Sotomayor*, 35 P.R.R. 726, where it was held that the right of homestead prejudices a mortgage creditor even though it has not been recorded in the registry of property.

As the foundation of the Mortgage Law is the publicity and the specialty of liens on real property it suppressed all hidden liens and there remained only as a tacit legal mortgage the preference granted by that very law· in section 218 as amended in 1907 to The People of Porto Rico and the corresponding municipality in preference to any other creditor for the recovery of the last three annual assessments and the current unpaid assessment, and to the underwriter of real property, under section 220, in the premiums for two years or the last two dividends in a proper case until they have been paid. Therefore, the mortgage creditor can not be prejudiced by the hidden and tacit lien which was acknowledged as the homestead in the case of *Dávila* v. *Sotomayor, supra.* And let it not be argued that the Homestead Act amended in this particular the Mortgage Law, because on account of the rights regulated thereunder it provided in section 413 that none of its provisions could be repealed except by virtue of another special law, and this precept has been acknowledged and accepted by this court in *Giménez et al.* v. *Brenes, supra; American Trading Co.* v. ·*Monserrat,* 18 P.R.R. 268; *Valdivieso* v. *Rivera,* 19 P.R.R. 669; *López et al.* v. *Registrar,* 24 P.R.R. 641. It is not meant to say that law is invulnerable, but in order to repeal or modify· any of its provisions it becomes necessary to pass a law expressly doing so.

For the foregoing reasons we are of the opinion that the decision overruling the motion to strike out the pleading of the defendants in regard to the answer and the cross-complaint as well as the order to sell in so far as it decrees the public sale subject to the claim of homestead of the defendants must be set aside.

I am authorized to say that Mr. Justice Franco Soto concurs in this opinion.

Mr. Justice Wolf concurred.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.

**232**

Defendants, in a summary proceeding for the foreclosure of a mortgage upon a small house and lot, claimed an estate of homestead to the extent of five hundred dollars in the mortgaged property and prayed that the right in question should be adjudged exempt from execution.

The pleading was in the form of an answer admitting the facts alleged in the complaint, followed by a cross-complaint setting up the facts on which the claim to exemption and the prayer for affirmative relief were based.

Plaintiff thereupon moved to strike the cross-complaint and demanded an order for the sale of the mortgaged premises. I have seen the original opinion of Mr. Justice Aldrey and rely on it for a fuller statement of the facts.

Section 1 of the Homestead Law provides as follows:

"That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed: *Provided,* That in the case of a lease or other similar contract nothing herein contained shall be construed to prohibit the landlord or owner of the said farm, plantation or lot of land and the buildings thereon from reentering the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof."

Under this section it is my idea that an owner of property has an estate in lands not readily subject to defeasance by anything that a mortgagee may do: The owner needs no declaration of the court to protect his right of homestead and I think he may claim it any time. The owner waives nothing by making no protest in the mortgage proceeding. Perhaps if some steps were being taken or record being

made ignoring his rights he might have some standing in court, but until some proceeding adverse to his claim of homestead is taken the owner would be in the position of asking for something already given him by the law. There is no real controversy and the claim of the owner is academic. A similar situation and similar reasoning were presented in the case of *Bianchi* v. *Pierazzi et al.*, 25 P.R.R. 587. As there was no real controversy there was no reason for interrupting the summary mortgage proceeding, as was done in this case. To dispose of an interposed pleading always causes a delay and if the debtor has a right to an order he may also have a right to an appeal.

For these reasons the order ought to be annulled.

### DISSENTING OPINION OF MR. JUSTICE HUTCHISON.

The facts are set forth in the foregoing opinions filed by Mr. Justice Wolf and by Mr. Justice Aldrey. It will suffice to add that the court below, in ordering the sale of the mortgaged property subject to the claim of homestead, and in overruling the motion to strike the answer and cross-complaint, deliberately disregarded the form and took into consideration only the substance of the pleading last mentioned.

The Mortgage Law and the Regulations for the enforcement thereof neither authorize nor contemplate a sale of any property not included in the mortgage, save in certain exceptional circumstances at the option of the mortgagor or for his advantage and benefit, in which event he is protected by a consequent right to participation in the proceeds. Section 175 of the Regulations refers to and prohibits only a stay or suspension of the summary proceeding. Instances are not wanting in which, notwithstanding and independently of the various matters and defenses enumerated in the article last mentioned, a mortgagor even within the narrow limits of the summary proceeding, and well within the spirit if

not within the letter of the law and its regulations may demand that certain property be excluded from the contemplated sale or else separately sold and the proceeds thereof delivered to him. *Hernández Mena* v. *Lecumberri*, 36 P.R.R. 357, and authorities cited.

More than twenty years ago this court in *Giménez* v. *Brenes,* 10 P.R.R. 124, said:

". . . we now come to the conclusion that the special procedure for the recovery of debts secured by mortgage is still in force, in so far as the first part of the same is concerned, and up to and including the provisions in regard to the demand upon the debtor for the payment of the debt and that it has been repealed in respect to that part which might be called 'compulsory proceedings', that is to say, as to the sale of the property encumbered by the mortgage, which is governed in all respects by the Act approved March 9, 1905, above cited, relating to the manner of satisfying judgments."

The order of the court below, therefore, did not interrupt, stay or suspend any part of the summary proceeding prescribed by the Mortgage Law and its Regulations. But even in the "declarative action" to which a defendant is relegated by article 175 of the Regulations he would be entitled to have the proceeds of sale retained in the custody of the court pending a determination of his rights in such separate suit. In the circumstances, we are somewhat at a loss to understand why the claim to a homestead, affecting only the question of sale or the disposition or distribution of the proceeds, may not be asserted either by motion or by cross-complaint and determined in the foreclosure proceeding as well as in an independent action. Not only would this practice tend to avoid a multiplicity of suits but, if the issue so raised is promptly disposed of, would enable prospective purchasers to ascertain what part, if any, of the mortgaged premises had been excluded instead of chilling the bidding by some vague notice of an outstanding claim pending determination in an independent action. In the instant case, how-

ever, the situation is simplified by the fact that no question of designation, survey or segregation of the homestead is involved, and counsel for claimants concede that in the circumstances the order of the district court should be modified so as to direct the retention of five hundred dollars out of the proceeds of sale pending a decision of the question as to the right of defendants in the foreclosure proceeding to receive this amount under the provisions of section 4 of the Homestead Law. Certainly it can not be contended that the order if so amended would retard or interfere in any way with the progress of the summary proceeding even in the matter of sale and distribution of the proceeds.

The order directing a sale of the mortgaged premises should have been modified accordingly, and, as modified, together with the ruling upon the motion to strike the cross-complaint, affirmed.

The writer is authorized to state that Mr. Chief Justice Del Toro concurs in this opinion.